IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON JAMES PEARSON, JR., )<br># 155536, )<br>            )<br>    Petitioner, )<br>            )<br>v.         )<br>            )<br>            )<br>STATE OF ALABAMA, *et al.*, )<br>            )<br>    Respondents. ) | CASE NO.<br>2:21-CV-379-WHA-CSC<br>    [WO] |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In compliance with the notice-and-warning requirement of *Castro v. United States*, 540 U.S. 375, 382–83 (2003), this court entered an order on June 11, 2021, notifying Petitioner Clinton James Pearson, Jr. of its intent to recharacterize his pleadings filed on May 25, 2021 (*see* Docs. 1, 1-1), as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 8. Pearson subsequently moved to amend his pleadings to add a new claim. Doc. 9. Because the court could not determine from Pearson's pleadings if he was challenging Alabama officials' calculation of the end-of-sentence date for his 1997 Montgomery County robbery convictions, or if he was challenging the robbery convictions themselves—something he has done in at least five previous habeas petitions—the court entered an order on July 6, 2021, directing Pearson to submit an amended § 2254 petition by July 23, 2021, using the form for filing 28 U.S.C. § 2254 petitions. Doc. 10. The court instructed Pearson to complete the form to include: (1) the specific state court judgment he is challenging, including the court that entered it and when; (2) all grounds for relief and

the facts supporting each ground; and (3) the relief requested.[1] *Id*. at 1–2. The court advised Pearson that his amended § 2254 petition would supersede his previous pleadings and that his case, if it proceeds, would proceed only on the claims in his amended § 2254 petition on the form for filing 28 U.S.C. § 2254 petitions. *Id*. at 2. The court specifically cautioned Pearson that if he failed to comply with the directives of its order, his case would be subject to dismissal without further notice. *Id.*

The requisite time for Pearson to comply with the court's order of July 6, 2021, has passed without Pearson filing an amended petition on the form for filing 28 U.S.C. § 2254 petitions. Nor has Pearson filed any other response to the court's order. The court therefore concludes that dismissal of this action without prejudice is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE because Pearson has failed to comply with the court's order to file an amended petition on the form for filing 28 U.S.C. § 2254 petitions.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by August 18, 2021.** A party must specifically identify the factual findings and legal

---

[1] The court deems it particularly important for Pearson to clarify whether he is again challenging his robbery convictions, because any such challenge would amount to a successive § 2254 petition, which this court lacks jurisdiction to consider without Pearson first obtaining permission from the Eleventh Circuit Court of Appeals to file a successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A); *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

 DONE this 4th day of August, 2021.

         /s/ Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE